UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALEX ALVAREZ GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 23-cv-04672-BLF<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND STAY PENDING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>[Re: ECF No. 24] |

On September 12, 2023, Plaintiff filed a complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785 *et seq.*, arising from Defendant Experian Information Solutions, Inc. ("Experian") allegedly mixing Plaintiff's credit file with another consumer. ECF No. 1 ("Compl."). Experian filed a Motion to Compel Arbitration, which is fully briefed and set for hearing on June 27, 2024. ECF Nos. 21, 35, 37 ("Motion to Compel" or "MTC"); ECF No. 40 ("MTC Opp."); ECF No. 41 ("MTC Reply").

Before the Court is Experian's Motion for Protective Order and Stay of Discovery and Scheduling Order Deadlines Pending Resolution of Experian's Motion to Compel Arbitration. ECF No. 24 ("Motion to Stay" or "Mot."); ECF No. 31 ("MTS Opp."); ECF No. 38 ("MTS Reply"). The Court finds the Motion to Stay suitable for disposition without hearing. *See* Civil L.R. 7-1(b). For the reasons stated below, the Court GRANTS Experian's Motion to Stay pending resolution of Experian's Motion to Compel.

I.    **LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278

1  F.R.D. 597, 600 (D. Nev. 2011).  Nevertheless, a "district court has wide discretion in controlling

2  discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  And under Rule 26(c),

3  "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

4  embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c).

5        Courts in this district have applied a two-pronged test to determine whether discovery

6  should be stayed pending resolution of a dispositive motion.  *See In re Nexus 6p Prod. Liab. Litig.*,

7  No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases).

8  First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on

9  the issue at which discovery is directed."  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of*

10 *Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003).  Second, "the court must determine

11 whether the pending motion can be decided absent additional discovery."  *Id.* at 352.  "If the Court

12 answers these two questions in the affirmative, a protective order may issue.  However, if either

13 prong of this test is not established, discovery proceeds."  *Id.*  In applying this two-factor test, the

14 court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay

15 is warranted.  *Tradebay*, 278 F.R.D. at 602.

16 **II.  DISCUSSION**

17       Defendant argues that the Motion to Compel is dispositive because other courts have

18 granted Experian's motions to compel arbitration under the same agreement.  MTS at 3-4

19 (collecting cases).  Plaintiff does not challenge Defendant's assertion that the agreement at issue

20 would compel arbitration, but instead argues that Experian has made no showing that Plaintiff

21 agreed to the arbitration agreement.  MTS Opp. at 5-7.  Plaintiff also argues there is no good cause

22 because staying discovery would prejudice Plaintiff and would be inefficient.  *Id.* at 7-9.

23       The Court has taken a "preliminary peek" at the merits of the underlying Motion to

24 Compel in considering whether a limited stay is warranted in this case.  *Tradebay*, 278 F.R.D. at

25 602.  Experian's Motion to Compel, its corresponding exhibits, and the Declaration of Dan Smith,

26 explain the process by which Experian contends that Plaintiff enrolled in Experian's CreditWorks

27 program and agreed to the corresponding arbitration agreement.  MTC at 5; ECF No. 35-1 ("Smith

28 Decl."); ECF No. 35-2 (a screenshot of the registration page showing the link to the account

1    creation; ECF No. 35-3 (the text of the user agreement); ECF No. 35-4 (the terms of use when a
2    user clicks the link on the registration page).  In response, Plaintiff makes several evidentiary
3    objections to the declaration and exhibits, MTC Opp. at 3-8, and argues that the enrollment
4    process described by Defendant is an unenforceable clickwrap agreement, *id.* at 8-10.

5    As a starting point, it is persuasive that courts have found that similar arbitration are
6    binding.  *See, e.g.*, *Meeks v. Experian Info. Servs., Inc.*, 2022 WL 17958634 (9th Cir. Dec. 27,
7    2022); *Ferrell v. to AppFolio, Inc.*, No. 8:23-cv-01353-JWH-DFM, 2024 WL 158103 (C.D. Cal.
8    Jan. 11, 2024).  Given this authority and Defendant's thorough explanation of the enrollment
9    process, the Court finds that Defendant has submitted substantial arguments that Plaintiff is bound
10   by the arbitration agreement.  Meanwhile, Plaintiff's evidentiary objections to Defendant's
11   exhibits appear at this stage to be weak.  And Ninth Circuit held recently that clickwrap
12   agreements in this context are enforceable.  *Meeks*, 2022 WL 17958634; *Ferrell*, 2024 WL
13   158103, at *2 ("In *Meeks*, the Ninth Circuit confirmed that signing up for CreditWorks—as [the
14   plaintiff] admits that []he did here—sufficiently confers the user's assent under 'clickwrap'
15   caselaw.").  Thus, the Court finds that it is reasonably likely that the Motion to Compel will be
16   dispositive of the entire case.  *Pac. Lumber Co.*, 220 F.R.D. at 351.

17   Second, the parties don't dispute, and the Court thus finds, that the Motion to Compel can
18   be decided without additional discovery.  Mot. at 3-4; *see Pac. Lumber Co.*, 220 F.R.D. at 352.

19   Finally, Plaintiff's claim that a stay is prejudicial or inefficient, MTS Opp. at 7-9, is
20   meritless.  If Experian's "motion to compel arbitration is granted, litigation will proceed in an
21   arbitral forum, not in this Court.  And '[i]f a dispute is arbitrable, responsibility for the conduct of
22   discovery lies with the arbitrators[.]"  *Stiener v. Apple Comput., Inc.*, 2007 WL 4219388, at *1
23   (N.D. Cal. Nov. 29, 2007) (citing *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849,
24   855 (7th Cir. 2002)).  Given the strong evidence supporting the Motion to Compel, subjecting
25   Defendant to discovery now is a pointless and wasteful exercise.

26   Therefore, the Court finds that under Ninth Circuit law and the two-pronged approach
27   applied by courts in this district, Defendant has satisfied its burden to obtain a limited stay of
28   discovery in this case until the Court rules on Defendant's Motion to Compel.

**III.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Stay GRANTED.  Discovery in this case is STAYED until the Court issues an order on Defendant's Motion to Compel, which is set for hearing on June 27, 2024.

Dated: March 13, 2024

_____
BETH LABSON FREEMAN
United States District Judge